UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | | |
|---|---|---|
| DARNELL PITTMAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:21-117-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER GOMEZ, | ) | **MEMORANDUM** |
| | ) | **OPINION AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Darnell Pittman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he suggested that the Bureau of Prisons (BOP) was incorrectly calculating his release date. [D. E. No. 1]. The Respondent then filed a response to Pittman's petition [D. E. No. 14], and the time for Pittman to file a reply brief has now passed [*see* D. E. No. 15]. Thus, Pittman's petition is now ripe for a decision from this Court.

The Court has fully reviewed Pittman's submission but will deny his request for relief. At bottom, Pittman's petition is difficult to follow, and he has not demonstrated in any clear way that the BOP is in fact miscalculating his release date. The Court recognizes that Pittman repeatedly cites the First Step Act and claims that the BOP has not accurately credited him for all the good conduct time he has earned. However, the BOP's Designation and Sentence Computation Center has conducted

a comprehensive review of Pittman's underlying sentence and disciplinary history and determined that he has a current projected release date of June 30, 2025. [D. E. No. 14-1 at 1-10 (declaration from a BOP Management Analyst); *id.* at 11-17 (BOP records regarding Pittman's profile and sentence monitoring computation data)]. This evidence is consistent with the BOP's publicly-available records. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited December 2, 2021) (indicating that Pittman has a release date of June 30, 2025). Notably, Pittman has not offered any arguments in rebuttal to the BOP's evidence, despite being given the opportunity to do so. Thus, Pittman has not established that he is eligible for relief.

To be sure, Pittman repeatedly contended that the BOP improperly failed to credit him for time he earned while trying to complete a General Educational Development (GED) program. [*See* D. E. No. 1 at 3, 5]. However, the only evidence in the record was put forth by the U.S. Attorney's Office on behalf of the Respondent and the BOP, and it demonstrates that Pittman "was in GED Progress *unsatisfactory*" status for the relevant time period, and, as a result, he did not earn the good conduct time that he otherwise claims. [*See* D. E. No. 14-1 at 8-9]. Again, Pittman has not put forth any arguments or evidence in reply to the BOP's submissions and evidence, and, thus, he has not demonstrated that he is eligible for habeas relief.

In sum, given the representations and evidence put forth by the U.S. Attorney's Office, and since Pittman has not clearly demonstrated that he is otherwise entitled to relief, the Court will deny his habeas petition.

Accordingly, it is **ORDERED** that:

1. Pittman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 8th day of December, 2021.

Signed By:
_Henry R Wilhoit Jr._
**United States District Judge**